UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-23785-CIV-MORENO

ADEIA BREWTON,

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.

_____/

## ORDER DENYING DEFENDANT CARNIVAL CORPORATION'S MOTION TO DISMISS COUNT V OF PLAINTIFF'S SECOND AMENDED COMPLAINT

THIS CAUSE came before the Court upon Defendant Carnival Corporation's Motion to Dismiss Count V of Plaintiff's Second Amended Complaint (**D.E. 52**). In the motion, Carnival argues that Count V is time-barred by the relevant statute of limitations and, thus, should be dismissed. For the reasons set forth below, the Court disagrees with Carnival. It is therefore

**ADJUDGED** that Carnival's motion is **DENIED**. Carnival must answer as to Counts V, VI, and VII no later than **April 4, 2025**.

### LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). Rather, they must "allege some specific factual bases for those conclusions or face dismissal." *Ibid.* When ruling on a motion to dismiss, courts must view the complaint in the light most favorable to the plaintiff and accept well-pleaded facts as true. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *Ashcroft*

v. *Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## BACKGROUND

Plaintiff Adeia Brewton alleges that on September 6, 2023, she was seriously injured at Yaaman Adventure Park in Ocho Rios, Jamaica, while participating in an excursion that she purchased through Carnival as a passenger aboard Carnival's cruise ship *Sunrise*. Specifically, while Plaintiff was driving an all-terrain vehicle ("ATV"), she struck rocks obscured by a puddle of muddy water, causing her ATV to flip and land on her leg.

Plaintiff's cruise ticket contract provides that she was required to file suit within one year of her alleged injury. Carnival claims that it extended this period for Plaintiff by 30 days. Neither party disputes this. As such, Plaintiff's deadline to sue for injuries she sustained in the ATV accident was October 7, 2024.[1]

Plaintiff filed her initial complaint on October 4, 2023. She amended as a matter of course on November 22, 2023, in response to Carnival's first motion to dismiss. Then, on July 18, 2024, Plaintiff filed a motion for leave to amend her complaint once again. All of this was timely. In Plaintiff's proposed third complaint, she sought to add three new causes of action based on

---

[1] Plaintiff's deadline to sue under the ticket contract was September 6, 2024. Carnival's 30-day extension pushed the deadline to Sunday, October 6, 2024. And the Federal Rules of Civil Procedure dictated one more extension, to Monday, October 7, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C).

2

information she gleaned during the July 11 deposition of Carnival's doctor. At this deposition, Plaintiff represents that she learned Carnival's doctor may have been negligent in treating Plaintiff's injuries, and Plaintiff claims she could not have known this—and, for this reason, could not have brought these claims—prior to the deposition because Carnival's doctor did not fully document the extent of the treatment administered to Plaintiff. Carnival did not oppose amendment. But before the Court could rule on this motion, Plaintiff filed an unopposed motion to stay the case so that she could undergo medical treatment. She asked the Court to suspend the litigation until she reached "maximum medical improvement." The Court obliged and stayed the case. And though it did not then rule on Plaintiff's pending motion to amend, the Court stated that its order granting the stay "shall not prejudice the rights of the parties to this litigation."

On September 26, 2024, Plaintiff filed a notice indicating that she was ready to proceed. The Court reopened the case and issued a revised scheduling order. Seeking to alert the Court to her unadjudicated pre-stay motion to amend, Plaintiff filed a notice indicating that the motion had been "pending and fully briefed" for over ninety days. The Court struck this notice, reasoning that due to the almost two-months-long stay, "no ruling from the Court was warranted." In that order, the Court denied Plaintiff's motion but gave her leave to refile by December 13, 2024. Plaintiff heeded the Court's instruction and refiled her motion on December 10, 2024, attaching the same proposed third complaint that she attached to her pre-stay motion. Carnival again did not oppose amendment. The Court granted the motion, and Plaintiff filed her third complaint on December 13, 2024.

Carnival now moves to dismiss Count V, Plaintiff's vicarious-liability claim for negligence by Carnival's medical staff, on the grounds that it is time-barred because Plaintiff filed her post-stay motion to amend after October 7, 2024. Plaintiff retorts that the third complaint is timely

3

because it relates back to her pre-stay motion. For the reasons set forth below, the Court agrees with Plaintiff that Count V is not time-barred.

## DISCUSSION

Here, the parties disagree about whether Count V, Plaintiff's vicarious-liability claim, is time-barred. Remember, Plaintiff's deadline to sue for her injuries arising from the ATV accident was October 7, 2024. There are two motions for leave to amend here—a pre-stay motion and a post-stay motion. The pre-stay motion was filed on July 18, 2024. The post-stay motion was filed on December 10, 2024. Carnival argues that the pre-stay motion filing date is irrelevant because the Court denied that motion; instead, the post-stay motion controls, and because it was filed outside the statute-of-limitations period, Count V cannot stand. Plaintiff contends that Count V is timely because her third complaint relates back to her pre-stay motion, which was filed before the expiration of the statute of limitations. In reply, Carnival casts doubt over whether relation back to motions is procedurally proper, reminding us that the relation-back doctrine of Federal Rule of Civil Procedure 15 concerns pleadings, not motions. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) (Rule 15 "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations" (quoting Fed. R. Civ. P. 15(c))).

Plaintiff's position that Count V is timely because her third complaint relates back to her pre-stay motion requires the Court to address two issues. The first issue is whether, as a matter of federal procedural law,[2] an amended complaint is deemed timely filed where the plaintiff files her

---

[2] In cases invoking a federal district court's admiralty jurisdiction, federal law governs the substance and procedure. *See Justice v. United States*, No. 3:91-CV-00133, 1992 WL 12943700, at *1 n.2 (M.D. Fla. Feb. 12, 1992) ("In federal maritime actions[,] federal courts sit as pure federal courts, governed by federal procedural and federal substantive law." (alteration, internal quotations, and citation omitted)). Plaintiff reassures the Court that "while maritime law controls, the Court may rely on state law to supplement maritime law so long as it does not alter or overrule maritime law." Opp'n, D.E. 55 at 3 (quoting *Thomas v. NCL (Bahamas), Ltd.*, 203 F. Supp. 3d 1189, 1192 (S.D. Fla. 2016)

motion for leave to amend (affixing to that motion the proposed amended complaint) within the statute-of-limitations period even though the amended complaint is not separately filed until sometime after the statute has run. The Court answers this question in the affirmative and joins other courts in so holding. *See Rademaker v. E.D. Flynn Exp. Co.*, 17 F.2d 15, 17 (5th Cir. 1927); *Mayes v. AT&T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989) (per curiam) ("[W]here the petition for leave to amend the complaint has been filed prior to expiration of the statute of limitations, while the entry of the court order and the filing of the amended complaint have occurred after the limitations period has expired[,] . . . the amended complaint is deemed filed within the limitations period." (citations omitted)); *Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993); *Pompey v. Lumpkin*, 321 F. Supp. 2d 1254, 1258 n.2 (M.D. Ala. 2004), *aff'd sub nom.*, *Pompey v. Fulmer*, 127 F. App'x 473 (11th Cir. 2005). Put simply, if a motion to amend is timely, the amended complaint will be deemed timely. The timing of the court's order and the plaintiff's subsequent filing of the amended complaint does not fix the reference point for the statute-of-limitations analysis. And for good reason. It would be patently unfair if a plaintiff's timeliness hinged in part on how quickly the court ruled on her motion to amend.

But this does not end our inquiry into the timeliness of Count V. That is because the Court denied Plaintiff's timely pre-stay motion to amend but granted her leave to refile with a deadline after the statute of limitations expired. The operative motion, Plaintiff's post-stay motion—the one the Court granted—was filed after the statute had run. Herein lies the second issue. To determine how this procedural posture weighs on the analysis, the Court must look to its order staying the case and its order striking Plaintiff's ninety-day notice and denying her pre-stay motion.

---

(Williams, J.) (citation omitted)). True. However, this applies only to issues of substantive law, not procedure. *See Coastal Fuels Mktg., Inc. v. Fla. Exp. Shipping Co.*, 207 F.3d 1247, 1251 (11th Cir. 2000).

Two points weigh in Plaintiff's favor. *First*, as Plaintiff points out, when the Court denied Plaintiff's pre-stay motion, it gave her leave to refile. Though the filing deadline prescribed by the Court was outside the statute-of-limitations period, the Court nevertheless authorized this filing. *Second*, and more importantly, in its order staying the case—though the Court did not expressly rule on any pending motions—it stated that "this order shall not prejudice the rights of the parties to this litigation." The Court lifted the stay on October 8, 2024, one day after the statute of limitations had run. Plaintiff's *unopposed* pre-stay motion remained pending up to and through the end of the statutory period, but because the case was stayed for the final almost two months of this period, no action from the Court was required while the stay was in effect. Given that Plaintiff timely filed her pre-stay motion—which the Court would have granted absent Plaintiff's need for a stay so that she could undergo medical treatment for the alleged injuries at the heart of this lawsuit—the Court finds that it would prejudice Plaintiff's rights if she were now denied the opportunity to bring her vicarious-liability claim simply because the Court declined to rule on her motion while the case was stayed.

To fortify her position, Plaintiff invites the Court to consider a trio of cases, including *Hartford Cas. Ins. Co. v. Intrastate Constr. Corp.*, 2015 WL 13402137 (S.D. Fla. Mar. 13, 2015) (Martinez, J.). Of note, *Hartford* applied *state* procedural law to reach its rulings, but the Court is bound to apply federal procedural law in this case. Nevertheless, the Court accepts Plaintiff's invitation because *Hartford* is procedurally analogous to our case and because the procedural rule *Hartford* articulates (*i.e.*, that "an amended complaint relates back to the date the motion to amend was originally filed") is functionally equivalent to the rule the Court endorses here. In *Hartford*, the plaintiff filed a motion for leave to amend, seeking to add counts against a newly named defendant. The court later stayed the case and denied all pending motions as moot. When the stay

6

was lifted, the plaintiff refiled its motion. The court stayed the case a second time and again denied all pending motions as moot. After the second stay was lifted, the plaintiff refiled the motion once more, and the court granted it. Shortly thereafter, the plaintiff filed its amended complaint. The *Hartford* defendant argued that because the plaintiff's amended complaint was not filed within the statute-of-limitations period, the plaintiff's new claim was time-barred. The court disagreed. It held that the plaintiff's amended complaint was deemed filed, for statute-of-limitations purposes, on the date the plaintiff filed its *first* motion to amend. The fact that the *Hartford* court denied that motion did not alter this conclusion.

Carnival tries to distinguish *Hartford* by pointing out that unlike the *Hartford* court, which denied the first motion to amend when it stayed the case, this Court did not deny Plaintiff's motion until after lifting the stay. But this is a distinction without a difference. Indeed, Carnival fails to explain why this is important. The meaningful similarity between *Hartford* and this case is that the pre-stay motion was denied *because* of the stay—*i.e.*, it was not denied on the merits. Carnival has been on notice of Plaintiff's intent to bring—as well as the substance of—her vicarious-liability claim since at least July 18, 2024, the date Plaintiff filed her proposed third complaint as an attachment to her pre-stay motion to amend. For all these reasons, the Court deems Plaintiff's third complaint, and thus Count V, timely filed for purposes of the statute of limitations. Carnival's motion to dismiss must therefore be denied.

## CONCLUSION

Accordingly, it is

**ADJUDGED** that Carnival's Motion to Dismiss Count V of Plaintiff's Second Amended Complaint **(D.E. 52)** is **DENIED**. Carnival must answer as to Counts V, VI, and VII by **April 4, 2025**.

Case 1:23-cv-23785-FAM   Document 75   Entered on FLSD Docket 03/17/25 09:35:20
                          Page 8 of 8

DONE AND ORDERED in Chambers at Miami, Florida, this 13th of March 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record